IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 03-81-GF-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| CLINTON W. LAMERE, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Lamere of violating his conditions of supervised release by (1) failing to appear for substance abuse testing, (2) failing to report for sweat patch removal/application on multiple occasions, (3) being terminated from sexual offender treatment, (4) consuming alcohol on multiple occasions, (5) testing positive for methamphetamine on several occasions, and (6) testing positive for marijuana. Mr. Lamere admitted to the allegations. Mr. Lamere's supervised release should be revoked. He should be sentenced to three

1

months in custody, with fifty-seven months of supervised release to follow. His supervised release should include treatment at Connections Corrections for sixty days and then treatment at White Sky Hope Center.

## II. Status

United States District Judge Sam Haddon sentenced Mr. Lamere to 165 months in custody, with sixty months of supervised release to follow, after a jury found him guilty of Aggravated Sexual Abuse. (Doc. 57.) He began his current term of supervised release on March 17, 2016.

The United States Probation Office filed a Report on Offender Under Supervision on May 8, 2016, informing the Court that Mr. Lamere failed to appear for substance abuse testing and admitted to using illegal narcotics and alcohol. (Doc. 72.) United States District Judge Brian Morris allowed him to continue his supervised release.

The Probation Office filed a second Report on Offender Under Supervision on May 31, 2016, informing the Court that Mr. Lamere tested positive for methamphetamine. (Doc. 73.) Judge Brian Morris again allowed him to continue his supervised release.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under

Supervision on September 19, 2016, alleging that Mr. Lamere violated the terms of his supervised release by (1) failing to appear for substance abuse testing, (2) failing to report for sweat patch removal/application on multiple occasions, (3) being terminated from sexual offender treatment, (4) consuming alcohol on multiple occasions, (5) testing positive for methamphetamine on several occasions, and (6) testing positive for marijuana. (Doc. 65.) Judge Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 74.)

**Initial appearance**

Mr. Lamere appeared before the undersigned on February 9, 2017, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Lamere said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Lamere admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Lamere's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class A felony. He could be incarcerated for up to

sixty months and could be ordered to remain on supervised release for sixty months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence at the low-end of the guideline range. Mr. Lamere exercised his right of allocution and stated that he was overwhelmed when he was released. Ms. Betley recommended a guideline sentence, with treatment to follow.

### III.  Analysis

Mr. Lamere's supervised release should be revoked because he admitted violating its conditions.  He should be sentenced to three months of incarceration, with fifty-seven months of supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Lamere  was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

Carlton W. Lamere violated the conditions of his supervised release by (1) failing to appear for substance abuse testing, (2) failing to report for sweat patch removal/application on multiple occasions, (3) being terminated from sexual offender treatment, (4) consuming alcohol on multiple occasions, (5) testing positive for methamphetamine on several occasions, and (6) testing positive for marijuana.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Lamere's supervised release and committing him to the custody of the United States Bureau of Prisons for three months, with fifty-seven months of supervised release to follow. His supervised release should include treatment at Connections Corrections for sixty days and then treatment at White Sky Hope Center.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of February 2017.

_____
John Johnston
United States Magistrate Judge