IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 03-81-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND** |
| vs. | **RECOMMENDATIONS** |
| CLINTON WADE LAMERE, | |
| Defendant. | |

## I.  Synopsis

Defendant Clinton Wade Lamere (Lamere) has been accused of violating the conditions of his supervised release.  Lamere has admitted all of the alleged violations, except one.  Lamere's supervised release should be revoked.  Lamere should be placed in custody for 5 months, with no supervised release to follow.

## II.  Status

Lamere was found guilty of Aggravated Sexual Abuse on December 29, 2003, following a jury trial.  The Court sentenced Lamere to 165 months of custody, followed by 60 months of supervised release.  (Doc. 57).  Lamere's term of supervised release began on August 15, 2018.  (Doc. 123 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Lamere's supervised release on November 20, 2018.  (Doc. 123).  The Petition alleged that Lamere had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by failing to report for substance abuse testing; and 3) by failing to report for sex offender treatment.  District Court Judge Brian Morris issued a warrant for Lamere's arrest on November 20, 2018.  (Doc. 124).

**Initial appearance**

Lamere appeared before the undersigned for his initial appearance on January 16, 2019.  (Doc. 126).  Lamere was represented by counsel.  Lamere stated that he had read the petition and that he understood the allegations.  Lamere waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 16, 2019, and on February 6, 2019.  Lamere admitted that he had violated the conditions of his supervised release by failing to report for substance abuse testing, and by failing to

2

report for sex offender treatment.  The violations are serious and warrant revocation of Lamere's supervised release.  The government made no attempt to prove that Lamere had failed to notify his probation officer of a change in residence.

Lamere's violations are Grade C violations.  Lamere's criminal history category is I.  Lamere's underlying offense is a Class A felony.  Lamere could be incarcerated for up to 60 months.  He could be ordered to remain on supervised release for up to 47 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

Lamere requested a term of custody of 3 months.  The government requested a term of custody of 6 months.

### III.   Analysis

Lamere's supervised release should be revoked.  Lamere should be incarcerated for 5 months, with no supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Lamere that the above sentence would be recommended to Judge Morris.  The Court also informed Lamere of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court

explained to Lamere that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Lamere stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a district court judge.

The Court **FINDS:**

> That Clinton Wade Lamere violated the conditions of his supervised release by failing to report for substance abuse testing, and by failing to report for sex offender treatment.

The Court **RECOMMENDS:**

> That the District Court revoke Lamere's supervised release and commit Lamere to the custody of the United States Bureau of Prisons for a term of 5 months, with no supervised release to follow.  Lamere should receive credit for time served.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district court judge, and

may waive the right to appear and allocute before a district court judge.

DATED this 7th day of February, 2019.


John Johnston
United States Magistrate Judge